UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ESSENTIAL MEDIA GROUP, as successor
in interest to HOT PRODUCTIONS
INC. d/b/a TIME-X RECORDS,

    Plaintiff,

vs.

RACHEL DE ROUGEMONT, an individual,
and ELANA CAGER, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, ESSENTIAL MEDIA GROUP ("Essential"), as successor in interest to Hot Productions Inc. d/b/a TIME-X RECORDS ("Hot Productions" or "Plaintiff"), by and through undersigned counsel hereby sues Defendants, RACHEL DE ROUGEMONT ("Rougemont") and ELANA CAGER ("Cager") (collectively referred to as "Defendants" or "L'Trimm"), and in support thereof alleges as follows:

### OVERVIEW

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, seeking a judicial determination of the rights and obligations of the parties under a Recording Agreement (the "Agreement"), and a Notice of Termination ("Termination Notice") between Plaintiff and Defendants.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

3. Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

4. Venue is proper as the Agreement specifically grants jurisdiction to courts within the State of Florida

## PARTIES

5. Plaintiff Essential Media Group, as Successor in Interest to Hot Productions, Inc. D/B/A Time-X Records, is a Florida-based business that conducts business within Broward County, Florida.

6. Defendant Rachel De Rougemont, professionally known as a member of the group, "L'Trimm", is an individual who is believed to reside in California.

7. Defendant Elana Cager, professionally known as a member of the group, "L'Trimm", is an individual who is believed to reside in California.

## FACTUAL BACKGROUND

8. On December 1, 1987, Plaintiff and Defendants entered into a Agreement, whereby Plaintiff was to perform recording and record label services for both Rougemont and Cager, acting as the artists and "Employees For Hire" of Hot Productions. Attached hereto as exhibit A is a true and correct copy of the Agreement.

9. Defendants, together with 3 other persons acted as joint authors to create the sound recordings that are the subject of this action.

10. On September 8th 2023 Defendants incorrectly attempted to serve Plaintiff with a series of Termination Notices relative to certain musical works and copyrights, which notices contained several errors. A true and correct copy of the aforesaid Termination Notices is collectively attached hereto as Composite Exhibit B and hereinafter called the "Termination Notices."

11. Pursuant to Section 203(a) of the U.S. Copyright Act of 1976, 17 U.S.C. §203(a), the parties must truthfully represent the facts and state in a termination notice as to why one party would have the right to terminate the original grant and transfer of the copyright.

12. Defendants, through their attorney-in-fact and authorized agent, Ryan W. Powers, Esq., fraudulently and maliciously misrepresented the facts set forth in the Termination Notices in three ways:

> a. Defendants represented that they were the majority authors of the works in question. They are not.
>
> b. Defendants represented "No Written Agreement, implied or oral grant from Rachel De Rougement and Elana Cager on one hand, and Hot Productions, Inc., …". That is not true based upon the Agreement between Defendants and Hot Productions attached as Exhibit A.
>
> c. Pursuant to Section 203(a) of the U.S. Copyright Act of 1976, 17 U.S.C. §203(a), a work created as a "work for hire" or as "employees for hire" would not be eligible for termination. The Agreement clearly set forth that Defendants were employees for hire.

**COUNT I - DECLARATORY RELIEF**

Plaintiff hereby readopts and re-alleges the allegations set forth in paragraphs 1-12 as if fully set forth herein, and further alleges:

13. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties under the Recording Agreement and the Termination Notices.

14. Plaintiff alleges and contends that the Termination Notices are unenforceable, as Defendants were , not the majority authors of the works, which is a sound recording and 3 others participated as joint authors, who did not participate in the Termination Notices.

15. Plaintiff also alleges and contends that the Notice of Termination is unenforceable, as the Termination Notices did not correct and accurately describe the grant of rights to hot Productions.

16. Plaintiff also alleges and contends that the Termination Notices are unenforceable, as the Defendants were employees for hire and do not own the right to distribute the music produced by L'Trimm.

17. Plaintiff disputes the validity of the Termination Notices.

18. Defendants created uncertainty and insecurity with respect to Plaintiff's rights per the terms of the Recording Agreement by way of the Termination Notices, thereby causing damages and Plaintiff to re-enforce the rights granted to Plaintiff through the Recording Agreement.

19. A judicial declaration is necessary and appropriate at this time so that Plaintiff and Defendants may ascertain their rights and obligations under the Agreement. Further, the Defendants sent notice to Plaintiffs distributor, threatening them if they continued to distribute

Plaintiffs recordings at issue in the Termination Notices. As they were unclear as to the legal validity of the Termination Notice they ceased such distribution.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Essential Media Group, as Successor in Interest to Hot Productions, Inc. D/B/A Time-X Records, prays for judgment as follows:

1. For a declaration that the Recording Agreement between Plaintiff and Defendants is valid, binding, and enforceable;

2. For a declaration that the Termination Notices between Plaintiff and Defendants is invalid and unenforceable;

3. For a declaration that Plaintiff owns the rights in L'Trimm's productions and that Defendants are employees-for-hire in accordance with the Recording Agreement;

4. For costs of suit and damages incurred herein;

5. For such other and further relief as the Court deems just and proper.

DATED: September 30, 2025

**WOLFE LAW MIAMI PA**

By: */s/ Richard C. Wolfe*
RICHARD C. WOLFE, ESQ.
Florida Bar No. 355607
Rwolfe@wolfelawmiami.com
*Attorneys for Plaintiff*
Essential Media, as Successor in Interest in Hot Productions, Inc. D/B/A Time-X Records